[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-10149

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

YEINER HERRERA-BARROZ,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cr-20162-KMW-2

————————————————

_____

No. 24-10175

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GUSTAVO RAFAEL BRITO-FERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cr-20162-KMW-1

_____

_____

No. 24-10217

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SAUL EMMANUEL BECERRA-ASTUDILLO,
a.k.a. Saul Becerra,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cr-20162-KMW-3

————————————

Before NEWSOM, GRANT, and WILSON, Circuit Judges.

PER CURIAM:

Yeiner Herrera-Barroz, Gustavo Rafael Brito-Fernandez, and Saul Emmanuel Becerra-Astudillo (collectively, "Appellants") appeal their convictions for conspiracy to possess with intent to distribute cocaine on a vessel subject to United States jurisdiction. Appellants challenge the district court's jurisdiction over their cases, first arguing that the government lacked authority to prosecute them for a felony committed on the high seas under the Maritime Drug Law Enforcement Act ("MDLEA") because their conduct

took place in Colombia's exclusive economic zones ("EEZ"), and EEZs are excluded from the high seas under international law. Brito-Fernandez and Becerra-Astudillo also argue that the MDLEA unconstitutionally grants jurisdiction based on a definition of "vessel without nationality" that includes vessels that are not stateless under international law. Brito-Fernandez and Becerra-Astudillo further argue that their due process rights were violated because the MDLEA lacks a nexus requirement between the offense conduct and the United States. After Appellants filed their initial briefs on appeal, the government moved for summary affirmance.

## I.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where . . . the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

When a motion to dismiss the indictment is based on subject matter jurisdictional grounds, we review the district court's denial *de novo*. *United States v. Alfonso*, 104 F.4th 815, 820 (11th Cir. 2024). Likewise, we review "*de novo* a district court's interpretation of a statute and whether a statute is constitutional." *Id.* (quotation marks omitted).

The MDLEA makes it a crime to "knowingly or intentionally . . . possess with intent to manufacture or distribute, a

controlled substance" on board "a [covered] vessel subject to the jurisdiction of the United States," and to conspire to do the same. 46 U.S.C. §§ 70503(a)(1), (e)(1), 70506(b). The statute defines a "vessel subject to the jurisdiction of the United States" as including "a vessel without nationality." *Id.* § 70502(c)(1)(A). A "vessel without nationality" is defined to include "a vessel aboard which the master or individual in charge fails, on request of an officer of the United States authorized to enforce applicable provisions of United States law, to make a claim of nationality or registry for that vessel." *Id.* § 70502(d)(1)(B). The MDLEA "applies even though the act is committed outside the territorial jurisdiction of the United States." *Id.* § 70503(b).

Under Article I, Section 8, Clause 10 of the Constitution, Congress has "three distinct grants of power: (1) the power to define and punish piracies, (the Piracies Clause); (2) the power to define and punish felonies committed on the high Seas, (the Felonies Clause); and (3) the power to define and punish offenses against the law of nations (the Offences Clause)." *Alfonso*, 104 F.4th at 820 (quotation marks omitted, alteration adopted); U.S. Const. art. I, § 8, cl. 10.

In *Alfonso*, the defendants, who had been seized by the United States Coast Guard on a vessel in the Dominican Republic's EEZ, appealed their convictions under the MDLEA and challenged the constitutionality of the MDLEA as applied to them under the Felonies Clause. 104 F.4th at 818-19. In response to their constitutional challenges, we noted that we "repeatedly have upheld the

MDLEA as a valid exercise of Congress's power to define and punish . . . Felonies on the high Seas." *Id.* at 820 (quotation marks omitted, second alteration in original). We also held that "international law does not limit the Felonies Clause." *Id.* at 826. We further held that a nation's EEZ is "part of the 'high seas' for purposes of the Felonies Clause in Article I of the Constitution," and thus, "enforcement of the MDLEA in EEZs is proper." *Id.* at 823, 827.

We affirmed this holding in *United States v. Canario-Vilomar*, in which two appellants—one seized in a vessel 37 nautical miles north of Panama, the other seized in a vessel 145 nautical miles north of Colombia—challenged the district court's jurisdiction, arguing, as relevant here, that the MDLEA exceeds Congress's authority under the Felonies Clause of the Constitution, and that one appellant's arrest did not occur on the high seas because he was arrested in Colombia's EEZ. 128 F.4th 1374, 1376-78 (11th Cir. 2025). We relied on *Alfonso* and similarly concluded that Congress was not constrained by international law in crafting the MDLEA. *Id.* at 1381 ("[W]e reject [appellants'] contention that Congress was constrained by international law in crafting its definition of a stateless vessel or in defining the boundaries of the high seas."). Again relying on *Alfonso*, we rejected an appellant's argument "that Congress could not reach him merely because he chose to traffic drugs in Colombia's EEZ rather than farther out into the open ocean." *Id.* at 1382.

"Under our prior-panel-precedent rule, a prior panel's holding is binding on all subsequent panels unless and until it is

overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting *en banc*." *Id.* at 1381 (quotation marks omitted, alteration adopted). "[W]e have categorically rejected an overlooked reason or argument exception to the prior-panel precedent rule." *Id.* (quotation marks omitted).

Here, the government is clearly correct as a matter of law that Appellants' arguments as to this issue are foreclosed by our holdings in *Alfonso* and *Canario-Vilomar* that EEZs are part of the high seas and that enforcement of the MDLEA in EEZs is proper. To the extent that Appellants claim to raise arguments not previously considered by this Court, there is no "overlooked reason or argument exception to the prior-panel precedent rule." *Canario-Vilomar*, 128 F.4th at 1382 (quotation marks omitted).

## II.

A "vessel without nationality" is defined to include: "a vessel aboard which the master or individual in charge fails, on request of an officer of the United States authorized to enforce applicable provisions of United States law, to make a claim of nationality or registry for that vessel" (§ 70502(d)(1)(B)); and "a vessel aboard which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality" (§ 70502(d)(1)(C)). 46 U.S.C. §§ 70502(d)(1)(B)-(C).

Here, Brito-Fernandez and Becerra-Astudillo's challenge to § 70502(d)(1)(C) is frivolous because the district court's jurisdiction over them was not pursuant to that provision. As Appellants each

stipulated in their factual proffers, Brito-Fernandez identified himself as the master of the vessel but made no claim of nationality for the vessel, rendering the vessel subject to § 70502(d)(1)(B) rather than § 70502(d)(1)(C).

### III.

In *Canario-Vilomar*, an appellant asserted "that the MDLEA violates principles of due process because it allows the United States to assert jurisdiction over foreign nationals for conduct that bears no nexus with the United States," although the appellant acknowledged that we had rejected similar arguments. 128 F.4th at 1382. We agreed with the appellant that the argument was "plainly foreclosed by our binding precedent." *Id.* at 1382-83 (citing *United States v. Campbell*, 743 F.3d 802, 810 (11th Cir. 2014)). In so holding, we emphasized that "we have explained repeatedly" that "the conduct proscribed by the MDLEA need not have a nexus to the United States because universal and protective principles support its extra-territorial reach." *Id.* at 1383 (quotation marks omitted, alteration adopted).

Here, the government's position is clearly right as a matter of law that Brito-Fernandez and Becerra-Astudillo's argument as to this issue is foreclosed by controlling authority holding that the MDLEA need not have a nexus to the United States.

Accordingly, because the government's position is clearly correct as a matter of law, we GRANT the government's motion for summary affirmance. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**